# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Submitted  on Briefs September 20, 2000

## LATASHA MARIE WHITTINGTON-BARRETT v. HUBERT JOHNSON

### Direct Appeal from the Circuit Court for Johnson County
### No. 1901,  Jean A. Stanley, Judge

### FILED NOVEMBER 6, 2000

### No. E2000-00700-COA-R3-CV

---

This is a suit between two inmates of the State of Tennessee.  The Plaintiff, a transsexual, seeks a declaratory judgment "to establish the rights of the Plaintiff," and damages, attorney fees and costs against the Defendant because of sexual harassment.  The cause of action alleges violation of various sections of the Constitutions of the State of Tennessee and the United States of America and of the Civil Rights Act of 1964.  The Trial Judge dismissed the complaint because there was "no claim of state action in Plaintiff's complaint, nor is this an employer/employee situation."  We affirm.

### Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JJ., joined.

LaTasha Marie Whittington-Barrett, Pro Se
Appellant
NECX
P. O. Box 5000
Mountain City, Tennessee 37683-5000

Hubert Johnson, Pro Se
Appellee
NECX
P. O. Box 5000
Mountain City, Tennessee 37683-5000

## OPINION

This is a suit by LaTasha Marie Whittington-Barrett, seeking a declaratory judgment "to establish the rights of the plaintiff" and damages, attorney fees and costs against the Defendant, Hubert Johnson. Both parties to this suit are incarcerated in the Penal System of the State of Tennessee.

The Plaintiff's claims are based on sexual harassment by the Defendant of the Plaintiff, who is, according to the complaint, a transsexual.

The causes of action alleged in the complaint and the Constitutional texts are shown in an Appendix to this opinion.

The Trial Court dismissed the complaint on the ground that there was "no claim of State action in the Plaintiff's complaint, nor is this an employer/employee situation."

We agree with the Trial Court that the alleged violations of Federal and State Constitutional guarantees and the Civil Rights Act are prohibitions as to state action, not individual action, and, consequently, the complaint alleges no actionable claim against the Defendant.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Plaintiff, LaTasha Marie Whittington-Barrett.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

## VI.  FIRST CAUSE OF ACTION

1.  The defendant's actions, inactions as herein mentioned violated the plaintiff's rights guaranteed and protected by Article 1 Section 8 of the Tennessee Constitution.

> **Sec. 8.  No man to be disturbed but by law.** -- That no man shall be taken or imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land.

## VII.  SECOND CAUSE OF ACTION

1.  The defendant's action, inactions as herein stated violated the plaintiff's rights guaranteed and protected by Article 1 Section 13 of the Tennessee Constitution.

> **Sec. 13.  Treatment after arrest.**-- That no person arrested and confined in jail shall be treated with unnecessary rigor.

## VIII.  THIRD CAUSE OF ACTION

1.  The defendant's actions, inactions as herein stated violated the plaintiff's rights guaranteed and protected by Article 1 Section 16 of the Tennessee Constitution.

> **Sec. 16.  Restrictions on bail, fines and punishment.**-- That excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

## IX.  FOURTH CAUSE OF ACTION

1.  The defendant's actions, inactions as herein stated violated the rights of the plaintiff guaranteed and protected by Article 1 Section 32 of the Tennessee Constitution.

> **Sec. 32.  Prisons and prisoners.**-- That the erection of safe prisons, the inspection of prisons, and the humane treatment of prisoners, shall be provided for.

## X.  FIFTH CAUSE OF ACTION

1.   the defendant's action, inactions as herein stated violated the plaintiff's rights guaranteed and protected by Article 2 Section 16 of the Tennessee Constitution.[1]

> **Sec. 16.  Limitation upon power of adjournment.**-- Neither House shall, during its session, adjourn without the consent of the other for more than three days, nor to any other place than that in which the two Houses shall be sitting.

## XI.  SIXTH CAUSE OF ACTION

1.   The defendant's actions, inactions as herein stated violated the plaintiff's rights guaranteed and protected by Article VIII of the U.S. Constitution.[2]

### AMENDMENT 8

> **Bail -- Punishment. --** Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

## XII.  SEVENTH CAUSE OF ACTION

1.   The defendant's action, inactions as herein stated violated the plaintiff's rights guaranteed and protected by Article XIV Section 1 of the U.S. Constitution.[3]

---

[1] We are unsure which Section of the Tennessee Constitution the Plaintiff wishes to reference. It might, of course, have been Article 1, Section 16, but that is alleged in the Plaintiff's third cause of action.

[2] We assume the Plaintiff meant "Amendment VIII" as there is no Article VIII in the United States Constitution.

[3] We assume the Plaintiff meant "Amendment XIV" as there is no Article XIV in the United States Constitution.

## AMENDMENT 14

**§ 1.  Citizenship -- Due process of law -- Equal protection.**-- All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside.  No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## XIII.  EIGHTH CAUSE OF ACTION

1.  The defendant's actions, inactions as herein stated violated Title VII of the Civil Rights Act of 1964.[4]

---

[4]  The Federal Statute alleged to be violated is not sufficiently identified for us to find it. We assume it was intended to allege violation of Title 42, Section 1983, the Civil Rights Act, as Title 7 does not deal with Civil Rights, but rather agriculture.